# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| MAURICE LUCLARE WILLIAMS, | ) ) ) | |
| Movant, | ) ) | |
| v. | ) ) | CV419-187 CR416-097 |
| | ) | |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

## ORDER AND REPORT AND RECOMMENDATION

Maurice Luclare Williams was convicted, after a jury trial, of one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and one count of possession of a firearm by a convicted felon, as an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). *See* doc. 54 at 1 (Judgment).[1]  He was sentenced to 240 months of incarceration and a five-year term of supervised release.

---

[1]  The Court cites to the criminal docket in CR416-097 unless otherwise noted.

*See id.* at 2-3.   His conviction and sentence were affirmed on direct appeal.   *See generally United States v. Williams*, 760 F. App'x 959 (11th Cir. 2019); *see also* doc. 93 (Appeal Opinion).   He timely filed a motion to vacate the judgment, pursuant to 28 U.S.C. § 2255.   *See* doc. 96.   The Government responded in opposition.   *See* doc. 98.   Williams replied. Docs. 100 & 101.   He also moved to supplement his motion.   Doc. 102. The Government opposes.   Doc. 103.   For the reasons explained below, his Motion should be **DENIED**.   Doc. 96.   His Motion to Supplement should also be **DENIED** as futile.   Doc. 102.   Civil Action CV419-187 should, therefore, be **DISMISSED** in its entirety.

## BACKGROUND

The story of this case begins when a Pooler, Georgia police officer observed a GMC Yukon traveling at nineteen miles per hour over the posted speed limit.   *See Williams*, 760 F. App'x at 960.   The officer activated his lights and siren, and the Yukon slowed and signaled that it was about to pull over.   *Id.*   Instead, the Yukon fled.   *Id.* at 961.   The officer pursued the vehicle and discovered from radio communications that it was reported stolen.   *Id.*   Several other law enforcement vehicles joined the chase, which reached speeds of over 120 miles per hour.   *Id.*

The Yukon was eventually disabled by "a strip spike." *Williams*, 760 F. App'x at 961.  After driving through several residential yards, it stopped, and the driver fled on foot.  *Id.*  "A split second later, a passenger . . . threw a black bag out of the vehicle's window."  *Id.*  When officers apprehended the driver, he was identified as Williams.  *Id.*  Officers subsequently identified the passenger as Shasta Stewart.  *Id.*  A search of the bag revealed a revolver, ammunition, cocaine, heroin, morphine, amphetamine, and hydrocodone, and "items typically used in the distribution of illegal drugs."  *Id.*

As the Court of Appeals summarized, "[t]he central issue at trial was whether the items in the bag belong to Williams."  *Williams*, 760 F. App'x at 961.  The Government "contended that the fact that Williams led officers on a high-speed chase was evidence that the drugs and gun belonged to him," and "relied on text messages and a recorded jailhouse phone call to establish that the drugs and gun found in the bag belonged to Williams."  *Id.*  On appeal, Williams challenged the District Court's decisions to admit that evidence.  *See id.* at 960.  The Court of Appeals affirmed all of the District Court's evidentiary rulings and Williams' conviction.  *Id.*; *see also id.* at 965.

## ANALYSIS

Williams' Motion asserts four grounds for relief.  *See* doc. 96 at 4-8.
The first ground asserts that his indictment was defective because it
"failed to allege that the defendant 'knowingly' knew of his relevant
status in violation of 922(g)(1)."  *Id.* at 4.  His second ground asserts that
"[t]he evidence was insufficient to sustain the jury's verdict."  *Id.* at 5.
Specifically, he challenges that "[t]he jury did not find . . . [t]hat the
defendant 'knowingly' knew of his relevant status in violation of
922(g)(1)."  *Id.*  He also asserts that his trial counsel was ineffective for
failing to interview a potential witness.  *Id.* at 6.  Finally, he asserts that
his appellate counsel was ineffective for failing to challenge the Court's
instructions to the jury concerning aiding and abetting.  *Id.* at 8.

The Government argues that all of Williams' asserted grounds fail.
*See* doc. 98 at 4-5.  The specific arguments it raises are discussed more
fully below.  The Government treats the first and second grounds
asserted in Williams' motion together, as they both arise from the
Supreme Court's opinion in *Rehaif v. United States*, ___ U.S. ___, 139 S.
Ct. 2191 (2019).  *See id.* at 5, 12 (referring to Williams' "*Rehaif* claim").
Since Williams does not challenge that approach in his reply, *see* doc. 100,

the Court will follow suit.  The grounds are discussed below in the order they are asserted in Williams' Motion.

## I.   *Rehaif* Claims (Grounds One and Two)

Williams was convicted in 2017.  *See* doc. 54.  In 2019, the United States Supreme Court concluded "in a prosecution under § 922(g) . . ., the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  139 S. Ct. at 2200.  Williams raises two challenges arising from *Rehaif*.   First, he contends that his indictment was defective because it failed to allege that he knew of the status that barred him from possessing a firearm.  Doc. 96 at 4.  Second, he argues that the evidence presented at his trial was insufficient for a jury to find, beyond a reasonable doubt, that he knew of his status.  *Id.* at 5.  The Government argues that Williams' failure to raise either claim during his direct appeal procedurally defaulted those claims.  *See* doc. 98 at 12.  Alternatively, the Government argues that any such error was harmless.  *Id.*

A prisoner seeking collateral relief "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*,

456 U.S. 152, 166 (1982). Generally, where a movant seeks collateral relief based on trial errors to which no contemporaneous objection was made, *id.* at 167–68, or direct appeal pursued, "it will be procedurally barred in a § 2255 challenge." *United States v. Montano*, 398 F.3d 1276, 1279–80 (11th Cir. 2005) (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills*, 36 F.3d at 1055. In other words, a movant may not use his collateral attack as "a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). A procedural default may be overcome if the movant can show "cause excusing his failure to raise the issue previously and prejudice from the alleged error." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (citations omitted). The movant bears the burden of proof of establishing his excuse for a procedural default. *See Hill v. United States*, 569 F. App'x 646, 647 (11th Cir. 2014) (citing *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983)).

A movant's procedural default may also be excused if he can show a "miscarriage of justice[ ] or actual innocence." *McKay v. United States*,

657 F.3d 1190, 1196 (11th Cir. 2011).   It is well-established that the "actual innocence" exception to the procedural default rule is "exceedingly narrow in scope as it concerns . . . 'actual' innocence rather than . . . 'legal' innocence. *Lynn*, 365 F.3d at 1235 n. 18 (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001)).   As the Supreme Court succinctly puts it: " '[A]ctual innocence' means factual innocence . . . ." *Bousley v. United States*, 523 U.S. 614, 623 (1998).   As another court in this Circuit has explained, "to prove actual innocence from a § 922(g)(1) conviction after *Rehaif*, a [movant] must show he had no knowledge that he had been convicted of a felony at the time he possessed a firearm." *McGee v. United States*, 2022 WL 2705238, at *4 (N.D. Ala. July 12, 2022).

First, Williams cannot show "cause" for his procedural default of his *Rehaif* claims.   The Government explains that Rehaif was litigating the claim that the Supreme Court would later accept before Williams was sentenced.   *See* doc. 98 at 14.   As the Government points out, the fact that Rehaif asserted the claim shows that it was "available" to Williams, precluding any finding of cause to excuse his procedural default.   *Id.* Williams suggests that his procedural default might be excused because

*Rehaif* announced a change in the law.  *See id.* at 4-5.  The Eleventh
Circuit, however, has determined that "*Rehiaf* was not 'truly novel' in the
sense necessary to excuse procedural default."  *United States v. Innocent*,
977 F.3d 1077, 1084 (11th Cir. 2020) (citations omitted).

Williams argues, in his reply, that his conviction on an indictment
that failed to allege he knew of the status that barred him from
possessing a firearm violated his Fifth Amendment right to Due Process.
*See* doc. 100 at 1-4.  The relevance of that argument to Williams'
procedural default of any *Rehaif*-based claim is not entirely clear.  It is
clear, however, that the omission of a specific allegation that Williams
knew he was a felon does not render the Indictment defective.

The Eleventh Circuit has expressly rejected the argument that a
pre-*Rehaif* indictment's failure to allege that a defendant knew of his
relevant status renders the indictment defective.  In *United States v.
Moore*, 954 F.3d 1322, 1332–37 (11th Cir. 2020), the Eleventh Circuit
stated "[a]n indictment tracking the statutory language and stating
approximately the time and place of an alleged crime is sufficient."  *Id.*
at 1332.  It concluded language in the indictment regarding the
defendant's knowledge of his felon status was "not required to establish

8

jurisdiction." *Id.* at 1333. "So long as the conduct described in the indictment is a criminal offense, the mere omission of an element does not vitiate jurisdiction." *Id.* at 1336. In *United States v. McLellan*, the Eleventh Circuit reiterated its position, stating that a jurisdictional argument under *Rehaif* was "squarely precluded by our recent holding in *United States v. Moore*, . . . which held that a district court has jurisdiction over a felon-in-possession indictment that was filed before *Rehaif* even if it did not charge the knowledge-of-status element." 958 F.3d 1110, 1118 (11th Cir. 2020). Since Williams' argument that his Indictment was defective is meritless, it cannot support excusing his procedural default.

Second, based on the undisputed record, Williams cannot show prejudice or actual innocence necessary to overcome his procedural default of the *Rehaif* claims. The Government argues that evidence of Williams' prior convictions presented at his trial preclude any showing of prejudice or actual innocence. *See* doc. 98 at 15. Williams' probation officer, Harold Chandler, testified that he supervised Williams' probation imposed after conviction for multiple felonies. *See* doc. 44 at 97. The Government also introduced certified copies of Williams' Florida

convictions. *See id.* at 98-101. The records of those convictions were admitted without objection. *Id.* at 103. Williams does not dispute the Government's contention that he "received several sentences that were in excess of a year." Doc. 98 at 15; *see also generally* doc. 100. Williams' claim, charitably construed, is that despite the undisputed convictions and sentences, he somehow did not "know" of his status as a felon.

If Williams claims that *Rehaif* requires that he knew that, as a felon, he was prohibited from possessing a firearm, that argument fails. "[U]nder *Rehaif*'s knowledge-of-status requirement, that a defendant does not recognize that he personally is prohibited from possessing a firearm under federal law is no defense *if he knows he has a particular status* and that status happens to be one prohibited by § 922(g) from possessing a firearm." *United States v. Johnson*, 981 F.3d 1171, 1190 (11th Cir. 2020) (emphasis added). The question, then, is not whether Williams knew that he was prohibited from possessing a firearm because he was a felon, but whether he knew he was a felon. The Supreme Court has noted that "[i]f a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets." *Greer v. United States*, ___ U.S. ___, 141 S. Ct. 2090, 2097 (2021) (internal cite

and quotation omitted).  Given the undisputed evidence of Williams' prior criminal history, he cannot show either prejudice or actual innocence. *See, e.g., Heard v. United States*, 2021 WL 5237931, at *4 (N.D. Ga. Aug. 26, 2021) (movant could not show actual prejudice where he did not "expressly assert that he did not know he was a felon at the time he possessed the firearm, and the record clearly demonstrate[d] that [he] knew he was a felon at the time of the offense . . . ."), ; *Mouzon v. United States*, 2020 WL 5790405, at *21 (S.D. Ga. Sept. 28, 2020) ("[A] bare *Rehaif* claim, made in the face of an established criminal history showing a petitioner belongs to the group prohibited from possessing a firearm, does not support an actual innocence claim.").

Accordingly, to the extent Williams asserts that his conviction on Count Three should be vacated, either because *Rehaif* rendered the Indictment "[d]efective," or because the evidence was insufficient to support his conviction, *see* doc. 96 at 4-5, his Motion on those grounds should be denied as procedurally defaulted.  Since the Court should find that Grounds One and Two are procedurally defaulted, it should decline to reach the Government's argument that, if those grounds were not

procedurally defaulted, any *Rehaif* error was harmless.  *See* doc. 96 at 17-
18.

## II.    Ineffective Assistance of Trial Counsel (Ground Three)

Williams contends that his trial counsel, Jonathan DeJesus, was
ineffective because he failed to investigate or secure the testimony of the
passenger during the chase, Shasta Stewart.  *See* doc. 96 at 6.  He
contends that his counsel failed to "interview" Stewart and that there "is
a reasonable probability Stewart's testimony would have allowed the jury
to view the government's evidence in a different light."  *Id.*  The
Government points out that "Williams does not describe what [Stewart's]
testimony would be, let alone provide any evidence that Stewart would
have provided such testimony."  Doc. 98 at 6.  It contends that his "vague,
conclusory statement . . . is insufficient to support his claim as a matter
of law."  *Id.* at 6-7 (citing *Collins v. United States*, 2009 WL 3379071, at
*1 (S.D. Ga. Oct. 20, 2009)).

"To prevail on a claim of ineffective assistance of counsel, a prisoner
must prove that his counsel rendered deficient performance and that he
was prejudiced by the deficient performance."  *Castillo v. United States*,
816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*,

466 U.S. 668, 687 (1984)).   "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001).  As this Court has put it bluntly, "[a] typical IAC claim succeeds only where counsel has, metaphorically speaking, shot at the side of a barn yet missed." *See Lovett v. United States*, 2018 WL 4494201, at *4 n. 3 (S.D. Ga. Apr. 23, 2018) (citing *Sullivan v. Sec'y, Fla. Dept. of Corr.*, 837 F.3d 1195, 1205-06 (11th Cir. 2016).  As to the prejudice prong, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.  That the errors had some *conceivable*

effect on the outcome of the proceeding is insufficient to show prejudice." (internal cites and quotations omitted) (emphasis added)).

Williams' reply to the Government's argument does not provide any additional information concerning what he contends the substance of Stewart's testimony would have been. *See generally* doc. 101. He contends that "[a]fter viewing the evidence defense attorney's client only possible defense was that Ms. Stewart was the sole possessor of the drugs and firearm." *Id.* at 2. He argues that counsel's failure to investigate that defense was, therefore, ineffective. *Id.* He does not address the Government's response that, despite not calling Stewart, Williams' counsel was able to cross-examine multiple witnesses concerning her alleged possession of the bag containing the contraband. *See* doc. 98 at 8; *see also, e.g.,* doc. 101 at 4 ("With Ms. Stewart [sic] *possible testimony* it reasonable [sic] to say that *it may have* made the jury look at the government's case in a different light." (emphasis added)).

"While failure to investigate can establish ineffective assistance, mere speculation . . . that favorable evidence *may* exist i[s] insufficient to show either deficient performance or prejudice." *Montas v. United States*, 2012 WL 5193413, at *6 (M.D. Fla. Oct. 19, 2012). Moreover, "[w]here

ineffective assistance is based on counsel's failure to call a witness, the burden to show prejudice is heavy because often allegations of what a witness would have testified to are largely speculative." *Holt v. Sec'y, Fla. Dept. of Corrs.*, 489 F. App'x 336, 338 (11th Cir. 2012) (internal quotation marks and citation omitted). Finally, this Court has rejected as insufficient, speculative allegations about uncalled witnesses' testimony. *See Preetorius v. United States*, 2017 WL 4563085, at *13 (S.D. Ga. July 19, 2017) (citing, *inter alia., Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985)) (Movant's "speculation about what these witnesses might have said is not enough to establish prejudice."). Williams' speculation about the possible effect of Stewart's unspecified testimony is simply insufficient to support his ineffective-assistance-of-counsel claim.

Williams has failed to establish that he suffered any prejudice from counsel's failure to call Stewart to testify, even assuming that such a failure constituted deficient performance. Since he has failed to establish prejudice, the Court need not consider whether Mr. DeJesus' performance was deficient. *See Strickland*, 466 U.S. at 697 (a court "need not determine whether counsel's performance was deficient before

examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim of the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Given the lack of any substantive assertion of prejudice, an evidentiary hearing is not necessary. *See Lynn,* 365 F.3d at 1239 (court was not required to hold an evidentiary hearing based on "mere conclusory allegations"); *see also Preetorius*, 2017 WL 4563085, at *6. His Motion on Ground Three should, therefore, be denied.

## III.  Ineffective Assistance of Appellate Counsel (Ground Four)

The last ground asserted in Williams' Motion is that his appellate counsel, William Kent, was ineffective for failing to raise the issue of an erroneous jury instruction. *See* doc. 96 at 8. Specifically, he alleges that Mr. Kent "failed to raise a claim of erroneous aiding and abetting liability jury instruction." *Id.* at 8, 10. He then asserts, in a wholly conclusory fashion that the unspecified error, if raised, "would have had a reasonable probability of success on appeal." *Id.* at 8.

The Government's response points out that Williams' "speculative and conclusory allegations regarding a defective jury instruction should

be denied as a matter of law." Doc. 98 at 9. It goes on to point out that the jury instruction given was "consistent with the law, as well as the Eleventh Circuit Pattern Jury Instruction." *Id.* at 10. Thirdly, it argues that, given the "plain error" standard that would have applied to the unobjected-to instruction, "it was reasonable for his appellate attorney to decide not to directly appeal this issue." *Id.* at 11. Finally, it argues that "it is likely that a challenge to the aiding and abetting jury instruction was actually waived by Williams because he agreed to the Court's proposed instructions." *Id.*

Neither of Williams' two replies even mentions his allegations of ineffective assistance of appellate counsel. *See generally* docs. 100 & 101. His vague and conclusory assertion of ineffective assistance, therefore, fails. *See, e.g., Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)) (vague, conclusory allegations in a § 2255 motion are insufficient to state a basis for relief); *see also Killen v. United States*, 2021 WL 7159181, at *5 (11th Cir. Sept. 8, 2021) ("Conclusory claims, unsupported by facts or argument, cannot entitle a movant to § 2255 relief."). His Motion on Ground Four should, therefore be denied.

17

None of the grounds asserted in Williams' Motion states a basis for relief.  His *Rehaif*-based claims are procedurally defaulted, he has failed to establish that he suffered any prejudice from his trial counsel's alleged ineffectiveness, and his allegations of appellate counsel's ineffectiveness are wholly conclusory.  His Motion should, therefore, be **DENIED**.  Doc. 96.

## IV.   Motion to Supplement

Williams filed a Motion to Supplement his § 2255 Motion, and add a new ground for relief, on January 7, 2021.  Doc. 102.  The Government responded in opposition, arguing that the ground asserted in Williams' Motion does not relate back to the filing of his original § 2255 Motion and is, therefore, untimely.  *See generally* doc. 103.  Williams has not responded substantively to the Government's argument.  *See generally* docket.  Since the Government's analysis of the timeliness of Williams' asserted supplement is correct, his Motion to Supplement should be **DENIED**.  Doc. 102.

Williams' Motion to Supplement asserts that he should be permitted to amend his § 2255 Motion to add a claim that this Court lacked subject-matter jurisdiction over his criminal case.  *See* doc. 102 at

18

2.  Specifically, he contends that there was insufficient proof that the firearm at issue in this case travelled in interstate commerce.  *Id.*  He concedes that "the court heard evidence that the firearm was manufactured outside the state from which it was recovered," but contends that the Court "did not find nor did the government present any evidence that would have allowed the court to find that the petitioner [sic] possessed a firearm that <u>moved</u> in commerce or affected commerce." *Id.* at 3-4.[2]

Federal Rule of Civil Procedure 15, which governs amendment of pleadings, is applicable to 28 U.S.C. § 2255 petitions.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).[3]  Under Rule 15(a), a party may amend his pleading once as a matter of right withing twenty-one days after it is served.  Once

---

[2] To the extent that Williams' contention in the proposed ground is comprehensible, it appears to be that proof that the firearm was manufactured in one state and possessed in another state is insufficient to support that it "travelled in interstate commerce." *See* doc. 102 at 3-4.  The merit of any such argument is dubious, at best. *See United States v. Lowe*, 860 F.2d 1370, 1374 (7th Cir. 1988) ("It is firmly established that under § 922(g), proof of a gun's manufacture outside of the state in which it was allegedly possessed is sufficient to support the factual finding that the firearm was 'in or affecting commerce[,]'" and collecting cases).  Since the Court recommends that he not be permitted to amend his Motion to assert the claim, the argument's merit, or the lack of any, is moot.

[3] Section 2255 proceedings are subject to the Federal Rules of Civil Procedure. *See* Rule 12 of the Rules Governing § 2255 Proceedings ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision of these rules, may be applied to a proceeding under these rules.").

this time has passed, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A court need not allow amendment "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *In re Engle Cases*, 767 F.3d 1082, 1108-09 (11th Cir. 2014) (internal quotations and citation omitted). In the context of a § 2255 motion, amendment is futile when the proposed claims are untimely. *See, e.g., Weaver v. United States*, 2020 WL 6325724, at *16 (S.D. Ga. Oct. 2, 2020) ("[T]he motion to amend should be denied because the new claim is untimely.").

The Government argues that Williams' Motion to Supplement should be denied because "his newly asserted claim does not relate back to his original claims, and they are timebarred by the one-year requirement under 28 U.S.C. § 2255(f)(1)." Doc. 103 at 1. The Government also argues that, even if the claim was not untimely, it has been procedurally defaulted. *Id.* Since the Court agrees that the claim

is untimely, it is unnecessary to reach the question of whether it has been procedurally defaulted.

A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed within one-year of either:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Because Williams filed a direct appeal, his one-year statute of limitations runs from ninety days after the Court of Appeals affirmed his sentence.  *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[W]hen a prisoner does not petition [the United States Supreme Court] for certiorari, his conviction does not become 'final' for purposes of § 2255(1)'s until the expiration of the 90-day period for seeking certiorari." (emphasis omitted)).  The ninety-day period to seek certiorari starts when the Court of Appeals issues its judgment. U.S. Sup. Ct. R. 13; *see also Clay v. United States*, 537 U.S. 522, 524-25

(2003).  The Eleventh Circuit affirmed Williams' conviction on February

4, 2019.  *See* doc. 93 at 1.  His judgment became final, therefore, on May

6, 2019.[4]  The one-year period to file a § 2255 motion ran on May 6, 2020.

His Motion to Supplement was not filed until January 2021, more than

seven months too late.[5]   The newly-asserted claim is, therefore,

untimely.[6]

Since the Motion to Supplement was filed after the statute of

limitations ran, the new claim is timely only if it relates back to the date

---

[4]  Ninety days from February 4, 2019 was Sunday, May 5, 2019.  Since the deadline would have run on a Sunday, it is automatically extended until the following Monday. *See* U.S. Sup. Ct. R. 30(1).

[5]  "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009).  "Absent evidence to the contrary in the form of prison logs or other records, [courts] will assume that [a prisoner's filing] was delivered to prison authorities on the day he signed it . . . "  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Williams' Motion is not dated.  *See generally* doc. 102 at 6.  The postmark indicates that it was mailed on January 5, 2021.  *Id.* at 7.

[6]  Williams' Motion asserts that "defects in subject-matter jurisdiction can never be waived and can be raised at any time."  Doc. 102 at 2 (citing *United States v. Cotton*, 535 U.S. 625 (2002)).  *Cotton*, however, concerned whether a defect in subject-matter jurisdiction could be raised at any time *during a direct appeal*.  *See* 535 U.S. at 630. Notwithstanding that defects in subject-matter jurisdiction cannot be "waived," they remain subject to § 2255(f)'s statute of limitations.  *See Williams v. United States*, 383 F. App'x 927, 929 (11th Cir. 2010) ("The one-year limit applies even though [the] new claim is an attack on the district court's jurisdiction."); *see also, e.g., Stokes v. United States*, 2018 WL 3029106, at *3 (S.D. Ga. June 18, 2018) ("In fact, the Eleventh Circuit has noted the statute of limitations period is applicable even in those instances in which a movant attacks the district court's jurisdiction.").

of Williams' timely-filed Motion.  *See, e.g., Ballesteros v. United States*, 730 F. App'x 801, 803 (11th Cir. 2018) (citing, *inter alia.*, *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000)) (movant's "motion to supplement [was filed] more than one year after his conviction became final, [cit.], so his new claim was untimely unless it related back to his [timely-filed] motion."). Under the Federal Rules of Civil Procedure, "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(1). In a § 2255 motion, "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport*, 217 F.3d at 1344.

The Government argues that Williams' proposed claims do not relate back to his timely-filed motion. *See* doc. 103 at 5-6. It points out that Williams' original Motion challenged his conviction for possession of a firearm by a prohibited person based on assertions that the Government failed to allege or prove that he knew of his relevant status, as discussed above. *See id.* It argues that "[n]othing in Williams's

23

original § 2255 motion gave the government any notice whatsoever of"
his proposed claim that the Government failed to prove that the firearm
in question did not travel in interstate commerce. *Id.* at 6.

Williams' newly-asserted argument does not relate back to his
original Motion. To be sure, Williams' original Motion did challenge the
sufficiency of the Government's proof to support his § 922(g) conviction.
*See* doc. 96 at 5. However, as the Government argues, the insufficiency
was specifically related to the knowledge of his status. *See id.*
(contending that the evidence was not sufficient to establish "[t]hat the
defendant 'knowingly' knew of his relevant status in violation of
922(g)(1).").  The surface-level similarity of the original claim to the
newly-asserted claim is not sufficient to support relation back. Courts
have routinely warned that the commonality required for relation back
should not be viewed " 'at too high a level of generality.'" *Davenport*, 217
F.3d at 1345 (quoting *United States v. Pittman*, 209 F.3d 314, 318 (4th
Cir. 2000)); *see also, e.g., McLean v. United States*, 2005 WL 2172198, at
*1-*2 (11th Cir. Sept. 8, 2005) (discussing *Mayle v. Felix*, 545 U.S. 644
(2005)).  There is simply no *fact* contained in Williams' original motion
that implicates the Government's proof that the firearm at issue traveled

in interstate commerce.  There is no basis, therefore, to conclude that the proposed supplement relates back to Williams' original Motion.

Williams' claim, even if untimely, might still be viable if he could establish either that he is entitled to equitable tolling or that his claim asserts that he is "actually innocent."  *See, e.g, Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (citing *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013)) ("[A] showing of actual innocence provides an exception to the time-bar under [the Antiterrorism and Effective Death Penalty Act].");  *McBride v. United States*, 2013 WL 1786556, at *9 (S.D. Ga. Mar. 28, 2013) ("Another manner [in addition to relation back] in which . . . proposed claims might not be time-barred . . . is if they qualify for equitable tolling . . . .").  It is the movant's burden to establish either actual innocence or the appropriateness of equitable tolling.  *Lanier v. United States*, 769 F. App'x 847, 850 (11th Cir. 2019) (citation omitted) ("The movant bears the burden of establishing his entitlement to equitable tolling.");  *Isley v. United States*, 2011 WL 6955882, at *5 (N.D. Ga. Sept. 22, 2011) (citing *United States v. Montano*, 398 F.3d 1276, 1285 (11th Cir. 2005)) ("It is the Movant's burden to demonstrate actual innocence.").  Nothing in Williams' Motion to Supplement, even

charitably construed, suggests that his claim is timely under either exception. *See, e.g., Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (equitable tolling is appropriate where untimely filing is the result of "extraordinary circumstances that are both beyond [movant's] control and unavoidable even with diligence"); *Pullins v. United States*, 2018 WL 6730002, at *3 (N.D. Ga. Nov. 30, 2018) (argument that court of conviction lacked jurisdiction "is, at most, a claim of legal innocence, not factual[,]" and collecting cases). Williams has, therefore, not borne his burden to establish any exception to the statute of limitations that would excuse his proposed claim's untimeliness.

Since the claim asserted in Williams' proposed supplement is untimely, does not relate back to the date of his original Motion, and he does not establish any exception to the one-year statute of limitations, his Motion to Supplement should be **DENIED** as futile. Doc. 102.

## CONCLUSION

For the reasons explained above, Williams' Motion should be **DENIED**, doc. 96, his Motion to Supplement should be **DENIED**, doc. 102, and civil action CV419-187 should be **DISMISSED** in its entirety.

His requests to expedite disposition of his motions are **DENIED** as moot.[7]  Doc. 104.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time

---

[7] Williams' Motion to Supplement includes what appears to be a cover page bearing the title "Motion to Expedite in support of 28 U.S.C. 2255."  Doc. 102 at 1.  The substance of the Motion, however, exclusively concerns his request to supplement his Motion.  *See id.* at 2-6.  To the extent that Williams intended that Motion to include a request to expedite disposition of his Motion, it is also **DENIED** as moot.  Doc. 102, in part.

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 9th day of August, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA